SAMUEL, Judge.
This suit was instituted to recover the sum of $13,867.33 being the amount of certain use taxes imposed by the State of Louisiana and paid by the plaintiff, liability for which was allegedly assumed by the defendant. There was judgment in the trial court in favor of the defendant, dismissing plaintiff’s suit, and plaintiff has appealed.
Plaintiff, a Louisiana corporation, was the owner of two new motor vessels, the OFFSHORE JEFFERSON and the OFFSHORE ORLEANS, which had been built for it at a shipyard in Pascagoula, Mississippi. The vessels were imported into the State of Louisiana in January and *255 February of 1957 and the tax liability arose pursuant to the Louisiana Sales Tax Statute, LSA-R.S. 47:301 et seq., under which a use tax is imposed, in lieu of a sales tax, on the owner of tangible personal property imported into Louisiana from another state for use in this state. Both vessels were chartered to the defendant. Negotiations relative to the charter were carried on for sometime and the vessels were operated by the defendant under an oral agreement or understanding for approximately nine weeks. At the end of that time, on April 9, 1957, a written bareboat charter contract was executed as to each vessel.
With the exception of the place of delivery and return (Empire, Louisiana in the case of OFFSHORE JEFFERSON and Cameron, Louisiana in the case of OFFSHORE ORLEANS) both contracts were identical. They provided for a rental of $285.00 per day for each vessel and were not for a fixed term, either party having the right to terminate the charter by giving the other party thirty days advance written notice of termination. Provisions of the respective written charters, here pertinent were:
“Owner agrees to let and Charterer agrees to hire the M/V OFFSHORE JEFFERSON (M/V OFFSHORE ORLEANS) from the date of delivery and thereafter under the terms and conditions hereof * * *
1. The vessel shall be delivered to Charterer at the port of Empire (Cameron), Louisiana * * *
Owner shall not be responsible for any transportation, use, sales or other such Federal and State Taxes due resulting from the operation and use of this equipment during the period of this charter; such taxes to be for charterer’s account, if and when any such taxes or charges are determined to be due by proper authority.”
Upon completion of construction and acceptance of the vessels Coastwide Service, a Louisiana corporation organized for the purpose of operating vessels owned by plaintiff, took delivery at Pascagoula and brought them, respectively, to Empire and Cameron in Louisiana. Thereafter Coast-wide operated them for the defendant, as supply vessels for drilling operations in the Gulf of Mexico, continuously until the termination of the charters, a little less than one year in one instance and a few months less than two years in the other. As part of its first month’s billing the defendant paid Coastwide’s expenses for the two-day period required to bring each vessel from Pascagoula to its destination in Louisiana. Defendant also paid the tax imposed by the aforesaid sales tax statute on all rentals paid by it for the two vessels.
Under our sales tax statute plaintiff, as owner, became liable for the use tax when the vessels were brought to Empire and Cameron for use in Louisiana waters. The tax on rentals, imposed by the same statute, is levied against the lessee, i. e., the person who pays such rentals, and not against the owner of the rented property.
Defendant does not contend there was no use tax liability on the part of plaintiff and that question is not before us. The only question presented for our determination is whether the defendant agreed, either in the written charter contracts or in the oral agreement or understanding in effect during the nine week operation preceding the execution of the written charters, to assume liability for the payment of the use tax.
In view of the fact that the charter contracts provided that they could be terminated by either party upon thirty days advance notice in writing and that the oral agreement could have been terminated by either party at any time without advance notice, it would seem unlikely that the defendant would agree to pay the owner’s use tax liability in excess of $10,000.00 when it was assured of the use of the vessels for a maximum of thirty days under the written charter and less than that time under the *256 oral agreement. In addition, the record contains competent evidence, without contradiction, that it would be extremely unusual for a charterer to pay sales or use tax on new construction. The man who was president of plaintiff at the time the parties were negotiating the charter contracts testified (by deposition introduced during the course of the trial) that he had been in the marine business “all our lives” and had never known of any charterer paying sales taxes (or the equivalent use tax) on new construction of boats or machinery. If plaintiff is to be reimbursed for the use tax it incurred when the vessels were brought into Louisiana, it must establish the existence of a special agreement by defendant to assume that liability. We are satisfied that it has. failed to do this.
In our opinion the above quoted charter provisions which relieve the owner of responsibility for certain taxes “resulting from the operation and use of this equipment during the period of this charter” are clear and unambiguous. They also provide that the vessels were to be delivered to the defendant in Louisiana and that the charter would begin upon such delivery. Since the use tax was incurred upon entry of the vessels into this state, that tax did not result from their operation and use during the charters; it was incurred prior to delivery and therefore prior to the time when the charters, which began only from “date of delivery”, actually came into existence. The written charters contain no other provisions relative to assumption of the use tax. Nor do we feel that the question, argued at length by the plaintiff, of when delivery to the defendant actually took place is material in deciding whether or not defendant assumed liability for the tax. Even if defendant took delivery through Coastwide in Pascagoula, and under all the facts we do not find such to be the case, it would not follow that it thereby assumed liability for the use tax.
We are unable to find anything in the oral agreement under which the vessels were operated during the nine week period prior to the execution of the written charter contracts which even indicates an assumption of liability for payment of the use tax. All of the testimony in the record is to the effect that such a tax was never mentioned or discussed by the litigants. What we refer to as the “oral agreement” was simply the understanding between the litigants under which the vessels were used by the defendant while negotiations were being carried on relative to the written charter contracts which were later executed. There was no separate oral agreement different from these negotiations.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.